IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FALENCIA A. FAIR,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:16-cv-00186-CAB |
| v. | : | |
| | : | Judge Christopher A. Boyko |
| **THE OHIO BELL TELEPHONE** | : | |
| **COMPANY,** | : | Magistrate Judge William H. |
| | : | Baughman |
| Defendant. | : | |
| | : | |
| | : | |

**DEFENDANT'S BRIEF IN OPPOSITION**
**TO PLAINTIFF'S REQUEST FOR ADDITIONAL TIME TO OBTAIN**
**COUNSEL AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(b)**

Defendant, The Ohio Bell Telephone Company, respectfully requests that (1) the
Court deny Plaintiff's Request for Additional Time to Obtain Counsel; and (2) grant
Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to
prosecute this matter which has been pending, with almost no action, <u>for more than two
years.</u>

**I.     PROCEDURAL HISTORY**

Plaintiff filed this action on January 26, 2016.  Plaintiff failed to serve the three
named Defendants[1] with a summons and copy of the Complaint as required by Fed. R.
Civ. P. 4.  Plaintiff then filed two motions to stay – one for 90 days and the second for 60
days, both of which were granted by the Court.  (ECF Nos. 5-8).  After the second stay

---

[1] The original Complaint named two individual Defendants, Victoria Green and
Lashon Borom, both of whom were dismissed with prejudice by Plaintiff on January 19,
2018.  (ECF Nos. 34, 35).

was lifted on August 9, 2016, Plaintiff again failed to serve Defendants or otherwise pursue the lawsuit.

On September 22, 2016, Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) for failure to serve Defendants within the period required by Fed. R. Civ. P. 4(m). (ECF No. 9). On August 22, 2017, 19 months after Plaintiff first filed her Complaint, the Court "denied without prejudice" Defendants' Rule 12(b)(5) motion and ordered Plaintiff to complete service by September 25, 2017. (ECF No. 14). But, again, Plaintiff failed to perfect service by the Court's deadline and, instead, filed another motion requesting additional time to serve Defendants. (ECF No. 18).[2] Defendants opposed Plaintiff's Motion and renewed their Rule 12(b)(5) Motion to Dismiss on September 26, 2017. (ECF No. 19). The Court granted Plaintiff's Motion and ordered she complete service by October 17, 2017. (ECF No. 20).[3] When Plaintiff failed to complete service for the <u>fourth time</u>, Defendants filed a Motion to Dismiss under Rule 12(b)(6) on October 20, 2017. (ECF No. 22). Plaintiff finally served the Complaint and Summons on Defendants on October 27, 2017. (ECF No. 23). Plaintiff then filed a Motion for Leave to File an Amended Complaint, which the Court granted on November 20, 2017. (ECF No. 26). Plaintiff voluntarily dismissed with prejudice the individual defendants on January 19, and Ohio Bell filed its Answer to Plaintiff's Amended Complaint on January 23, 2018.

---

[2] Attorney James Hux entered a notice of appearance on September 8, 2017 (21 months after Plaintiff filed her lawsuit). Plaintiff was pro se before retaining Attorney Hux.

[3] The Court did not rule on Defendant's renewed Rule 12(b)(5) Motion to Dismiss.

On March 27, 2018, just six months after entering his notice of appearance, Attorney Hux, filed a Motion to Withdraw as Counsel for Plaintiff.  (ECF No. 39).  The Motion was granted on March 29, 2018, and the Court allowed Plaintiff a 30-day stay (the third stay of this matter), until May 7, 2018, to secure different counsel.  (*See* ECF Nos. 41-43).  Plaintiff now seeks an indefinite stay to secure legal counsel.  This is the fourth time Plaintiff has sought a continuous of this lawsuit in the 28 months that it has been pending.  In support of her request, Plaintiff states that she had a meeting with a law firm scheduled on May 8, 2018.

## II.    PLAINTIFF'S MOTION FOR AN INDEFINITE CONTINUANCE SHOULD BE DENIED.

Plaintiff fails to provide good cause as to why this case should be stayed further. She was provided ample time in which to retain different counsel, and she failed to meet the Court's deadline.  Further, the Court already ruled on what will occur if Plaintiff did not retain counsel by May 7: "Plaintiff shall obtain counsel within thirty days of service or *shall proceed pro se*" (emphasis added).  As Plaintiff did not retain counsel, she must proceed pro se (until such time as she retains counsel, if ever).  Any further delay will result in a gross miscarriage of justice for Defendant.  Locating witnesses will be significantly more difficult than it would have been had Plaintiff followed the timing requirements for service and pursued this litigation at the time she initially filed her Complaint.  Additionally, witnesses inherently remember less over time, particularly when they have not been deposed or been asked about the relevant

facts for several years. Such losses work to Defendant's detriment and Plaintiff's benefit.

### III. PLAINTIFF'S CLAIMS AGAINST OHIO BELL SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE.

There is no justifiable excuse for Plaintiff's failure to prosecute her claims in the 28 months since she initiated this lawsuit and dismissal is now proper. "The decision to dismiss for want of prosecution turns on (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Keaton v. Bennett,* 322 F.R.D. 303, 304 (N.D. Ohio 2017) citing *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013). A "clear pattern of delay" justifies dismissal. *Id.* Likewise, a plaintiff's failure to abide by court orders and rules and procedures amounts to bad faith. *See Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (to amount to willfulness or bad faith, the party's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings"). *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary

burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

Here, Plaintiff acted in bad faith by repeatedly requesting delays and taking no action to pursue her claims.  Indeed, Plaintiff has served no discovery requests on Defendant or requested depositions, and her Rule 26 Initial Disclosures are grossly insufficient to put Defendant on notice of the witnesses and documents she believes will support her claims, or the amount of damages for which she believes Ohio Bell is liable. Certainly in the 28 months since this case was first filed, Plaintiff has been able to identify how she intends to prove her claims and the amount of her purported damages.  Further, as stated above, Defendant has been profoundly prejudiced by Plaintiff's more than two-year delay, with witnesses moving or their memories fading. Plaintiff was aware that her continued failure to proceed with this litigation could lead to its dismissal as Defendant has briefed and asked this Court to dismiss Plaintiff's case on no less than three occasions.  At this juncture, with Plaintiff's bold-faced attempt to unnecessarily delay this litigation again, dismissal is the only appropriate sanction.

## IV.    CONCLUSION

Defendant requests that pursuant to Fed. R. Civ. P. 41(b), the Court dismiss with prejudice Plaintiff's claims against Defendant Ohio Bell.  In the alternative, Defendant requests that the Court deny Plaintiff's Request for Additional Time to Obtain Counsel and direct the parties to proceed with discovery pursuant the Court's existing Case Management Order.

Respectfully submitted,


/s/ *Amy Ryder Wentz*

Amy Ryder Wentz (0081517)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH  44114
Telephone: 216.696.7600
Facsimile: 216.696.2038
awentz@littler.com

Attorney for Defendant
THE OHIO BELL TELEPHONE
COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of May 2018, a copy of the foregoing *Defendant's Brief in Opposition to Plaintiff's Request for Additional Time to Obtain Counsel and Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b)* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Amy Ryder Wentz*
Amy Ryder Wentz

Attorney for Defendant
THE OHIO BELL TELEPHONE COMPANY