IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **FALENCIA A. FAIR,** | |
| Plaintiff, | Case No. 1:16-cv-00186-CAB |
| v. | Judge Christopher A. Boyko |
| **THE OHIO BELL TELEPHONE COMPANY,** | Magistrate Judge William H. Baughman |
| Defendant. | |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE, AND RENEWED MOTION TO DISMISS WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(b)**

Defendant, The Ohio Bell Telephone Company, respectfully requests that this Honorable Court: (1) deny Plaintiff's Motion to Dismiss Without Prejudice; and (2) grant Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute this matter.  This case has been pending, with almost no action, for more than two years, and Plaintiff has resisted any effort to move this case forward.

**I.     PROCEDURAL HISTORY**

Plaintiff filed this case on January 26, 2016, naming Ohio Bell Telephone Company (incorrectly named in the Complaint as AT&T), Victoria Green, and Lashon Borom as Defendants. (ECF No. 1).  Plaintiff originally filed a motion to proceed *in forma pauperis* on January 26, 2016 (ECF No. 2), but then paid the filing fee on February 9, 2016.  However, rather than attempting to serve the Defendants with a summons and copy of the Complaint as required by Fed. R. Civ. P. 4, Plaintiff instead filed two

motions to stay – one for 90 days and the second for 60 days – and the Court granted both motions. (ECF Nos. 5-8).

After the second stay was lifted on August 9, 2016, Plaintiff again failed to serve Defendants or otherwise pursue the lawsuit. Thus, on September 22, 2016, Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) for failure to serve Defendants within the period required by Fed. R. Civ. P. 4(m). (ECF No. 9). On October 5, 2016, Plaintiff filed her "response" to Defendants' Motion to Dismiss. (ECF No. 11). Plaintiff raised no arguments demonstrating why she had not perfected service in the nearly nine months since she filed the case, instead accusing Defendants' counsel of "retaliating" against her by filing a motion to dismiss because of her lack of compliance with the federal rules of civil procedure. (*Id.*).

Notably, Plaintiff continued to make no effort to serve the complaint and summons after her response to Defendants' Motion to Dismiss. On August 22, 2017, 19 months after Plaintiff first filed her Complaint, the Court denied Defendants' Motion to Dismiss without prejudice, and ordered Plaintiff to complete service by September 25, 2017. (ECF No. 14). Plaintiff retained an attorney who appeared on her behalf on September 8, 2017, but he also failed to perfect service by the Court's deadline and, instead, filed a motion seeking even more time to serve Defendants. (ECF No. 18). Defendants opposed Plaintiff's Motion and renewed their Rule 12(b)(5) Motion to Dismiss on September 26, 2017. (ECF No. 19).

The Court granted Plaintiff's Motion for additional time and ordered her to complete service by October 17, 2017. (ECF No. 20).¹ When Plaintiff failed to complete service for the <u>fourth time</u>, Defendants filed a Motion to Dismiss under Rule 12(b)(6) on October 20, 2017. (ECF No. 22). Plaintiff finally served the Complaint and Summons on Defendants on October 27, 2017. (ECF No. 23). Plaintiff then filed a Motion for Leave to File an Amended Complaint, which the Court granted on November 20, 2017. (ECF No. 26). Plaintiff voluntarily dismissed with prejudice the individual defendants on January 19, and Ohio Bell filed its Answer to Plaintiff's Amended Complaint on January 23, 2018.

On March 27, 2018, just six months after entering his notice of appearance, Attorney Hux, filed a Motion to Withdraw as Counsel for Plaintiff. (ECF No. 39). The Motion was granted on March 29, 2018, and the Court allowed Plaintiff a 30-day stay (the third stay of this matter), until May 7, 2018, to secure different counsel. (*See* ECF Nos. 41-43). On May 7, 2018, Plaintiff made a fourth request to delay this lawsuit so she could attempt to retain counsel. (ECF No. 45). On May 10, 2018, Defendant filed its brief in opposition to Plaintiff's request, and moved, in the alternative, to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 41(b) for failure to prosecute. (ECF Nos. 45, 46). On May 30, 2018, the Court effectively denied Plaintiff's motion to delay this case a

---

¹ The Court did not rule on Defendant's renewed Rule 12(b)(5) Motion to Dismiss.

fourth time, entering an Order that the case management plan and order in this case remained in full force and effect. (ECF No. 48).[2]

While all of this was going on, Defendant attempted to conduct discovery and move this case forward. On March 7, 2018, Defendant served its first set of interrogatories and requests for production of documents. (*See* letter to James Hux dated March 7, 2018, attached as Exhibit A). However, Plaintiff never responded to these discovery requests and, after Mr. Hux withdrew his representation of Plaintiff, Defendant re-served its discovery requests on Plaintiff on May 16, 2018. (*See* email to Falencia Fair dated May 16, 2018, attached as Exhibit B). On May 23, 2018, Defendant also served a notice of deposition to Plaintiff for July 24, 2018. (*See* letter to Falencia Fair dated May 23, 2018, attached as Exhibit C).

On June 15, 2018, the day Plaintiff's discovery responses were due, Plaintiff sent undersigned counsel an email simply stating "I need more time for production." (See email from Falencia Fair dated June 15, 2018, attached as Exhibit D). Defendant's counsel responded the same day and agreed to provide Plaintiff an additional week to respond to Defendant's discovery requests, but Plaintiff wrote back the same day, stating "I need at least 2 weeks." (See email from Falencia Fair dated June 15, 2018, attached as Exhibit E). On June 21, 2018, Defendant's counsel agreed to give Plaintiff an extension of time until June 29, 2018, but also wrote that Defendant could not grant any more extensions, as Defendant needed Plaintiff's discovery responses in advance of her

---

[2] Plaintiff did not oppose Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b), and the Court has not yet ruled on this Motion.

4

deposition on July 24, 2018. (*See* email to Falencia Fair dated June 21, 2018, attached as Exhibit F).

On June 23, 2018, Plaintiff sent undersigned counsel another email unilaterally canceling her deposition, simply stating "I am not available July 24, 2018," and not offering any alternate dates for her deposition. (*See* email from Falencia Fair dated June 23, 2018, attached as Exhibit G). Then, on June 29, 2018, the day Plaintiff's discovery responses were due after Defendants gave her a two-week extension, Plaintiff sent undersigned counsel another email, writing that "I had another panic attack dealing with this case today. Unfortunately, you will not be receiving anything today. Please do not respond to this email today." (*See* email from Falencia Fair dated June 29, 2018, attached as Exhibit H). Once again, Plaintiff gave no indication of when the discovery might be forthcoming. The next day, June 30, 2018, Plaintiff forwarded undersigned counsel her Motion to Dismiss Without Prejudice, which was filed on July 2, 2018. (*See* email from Falencia Fair dated June 30, 2018, attached as Exhibit I).

**II.    LAW AND ARGUMENT**

    **A.    <u>Plaintiff's Motion To Dismiss Without Prejudice should be denied.</u>**

A voluntary dismissal pursuant to Federal Civil Rule 41(a)(2) is not a matter of right, but rather a decision that "rests within the sound discretion of the Court." *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).[3]  "[T]he primary purpose of [Rule

---

[3] Plaintiff did not identify the rule under which she purports to dismiss her case. However, because Plaintiff cannot dismiss her case as a matter of right under Fed. R. Civ. P. 41(a)(1), her only possible basis for dismissal is under Rule Fed. R. Civ. P. 41(a)(2).

41(a)(2)] in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Id.* Thus, where an order dismissing a plaintiff's claims without prejudice will result in "plain legal prejudice" to the defendant, the plaintiff's request for dismissal pursuant to Rule 41(a)(2) should be denied. *Id.*

The Sixth Circuit identifies relevant factors for consideration in determining whether an order dismissing a plaintiff's claims pursuant to Rule 41(a)(2) will result in plain legal prejudice to the defendant, including: (1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) and whether a motion for summary judgment has been filed by the defendant. *Grover*, 33 F.3d at 718. "These factors are not an 'exclusive or mandatory list,' and district courts need not analyze each factor or limit its consideration to those factors alone." *Williams v. Schismenos*, No. 5:15-cv-2345, 2017 U.S. Dist. LEXIS 38054, at *16 (N.D. Ohio Mar. 16, 2017) (quoting *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007)).

Here, the first three factors all militate against dismissal of Plaintiff's lawsuit. First, Defendant has invested significant resources in defending Plaintiff's claims, including opposing Plaintiff's numerous attempts to delay these proceedings, but also in investigating her claims, preparing and filing an answer, serving initial disclosures, and drafting written discovery. Second, there can be no question that there has been "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action." Indeed, in the two-and-a-half-years since Plaintiff filed in her Complaint, she

6

has done nothing more than file and eventually serve her Complaint. She has not served discovery, responded to Defendant's discovery, or taken any other action to prosecute her claims. Furthermore, as detailed above, Plaintiff has delayed serving her responses to Defendant's discovery requests, and unilaterally canceled her properly-noticed deposition.

Finally, Plaintiff has not offered any, let alone a sufficient, explanation for her need to take a dismissal. In fact, the only reason that can be discerned from the timing of Plaintiff's motion to dismiss is to avoid responding to Defendant's discovery requests and being deposed. Under these circumstances, a dismissal of Plaintiff's claims will result in plain legal prejudice to Defendants and Plaintiff's Motion to Dismiss should be denied. *See, e.g., In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (affirming denial of motions to voluntarily dismiss because, among other reasons, the court considered them to be "thinly-veiled attempts to avoid discovery"); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (holding that the court properly denied a motion to dismiss without prejudice that was filed "more than a year after the case was removed to federal court," and after "months of filing pleadings, attending conferences, and submitting memoranda"); *Barnes-De-La-Texera v. San Jorge Children's Hosp.*, 62 F. Supp. 3d 212, 217 (D.P.R. 2014) (denying motion to dismiss where the plaintiff's reason for dismissing the case was to avoid being deposed); *Douglas v. Ky. Motor Serv., S.*, No. 12-115-DLB-CJS, 2013 U.S. Dist. LEXIS 109451, at *11 (E.D. Ky. Aug. 5, 2013) (denying a motion to voluntarily dismiss where the plaintiff "excessively delayed in filing the instant motion to dismiss, and has insufficiently explained his reason for doing so");

*Nesari v. Taylor*, 806 F. Supp. 2d 848, 862 (E.D. Va. 2011) ("[plaintiff's] failure to comply with even his most basic discovery obligations renders his Motion for Voluntary Dismissal under Fed. R. Civ. P. 41(a)(2) completely unavailing").

Plaintiff filed this case more than two-and-a-half-years ago. Since then, this case has not moved forward one bit (but not for lack of trying on Defendant's part). Defendant should not have to be subject to Plaintiff's whims, and only be permitted to litigate this case when Plaintiff feels like doing so. Rule 41(a)(1) "was designed to **limit** a plaintiff's ability to dismiss an action," not give a plaintiff the unilateral ability to dismiss a case at any time. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990). Indeed, "Rule 41(a)(1) was intended to eliminate 'the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure.'" *Id.* (citation omitted). That is precisely what Plaintiff is attempting to do here. If Plaintiff intends to litigate this case, there is no reason she cannot do it now, and not after additional delay.

If the Court determines that dismissal is appropriate, the Court should dismiss Plaintiff's claims with prejudice. When granting a plaintiff's request to voluntarily dismiss a case pursuant to Rule 41(a)(2), the court has discretion to impose "such terms and conditions as the court deems proper" on the order of dismissal. Fed. R. Civ. P. 41(a)(2). A district court's broad discretion to condition an order of dismissal permits the court to require the plaintiff to dismiss her case with prejudice, even where the plaintiff moved for an order of dismissal without prejudice. *United States v. One Tract of*

8

*Real Property*, 95 F.3d 422, 425 (6th Cir. 1996)("the last sentence of Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion to dismiss without prejudice").

The circumstances in this case more than warrant a condition that she dismiss her claims with prejudice. Any further delay will result in a gross miscarriage of justice for Defendant. Locating witnesses is significantly more difficult now than it would have been had Plaintiff actually pursued this case when she filed it, and another delay of undetermined length will make it even more difficult. Additionally, witnesses inherently remember less over time, particularly when they have not been deposed or been asked about the relevant facts for several years. Such losses work to Defendant's detriment and Plaintiff's benefit. *See, e.g., Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991) (noting that dismissal was not appropriate because there was concern "that a dismissal might have a prejudicial impact upon the availability and recollection of witnesses").

Thus, Plaintiff's Motion to Dismiss should be granted only on condition that Plaintiff's claims are dismissed with prejudice.

    **B.**    **Plaintiff's claims against Ohio Bell should be dismissed with prejudice for failure to prosecute.**

Defendant renews its Motion to Dismiss with Prejudice for failure to prosecute, filed on May 10, 2018. There is no justifiable excuse for Plaintiff's failure to prosecute her claims in the 30 months since she initiated this lawsuit and dismissal is now proper. "The decision to dismiss for want of prosecution turns on (1) whether the party's failure

9

is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Keaton v. Bennett,* 322 F.R.D. 303, 304 (N.D. Ohio 2017) (citing *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013)). A "clear pattern of delay" justifies dismissal. *Id.* Likewise, a plaintiff's failure to abide by court orders and rules and procedures amounts to bad faith. *See Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (to amount to willfulness or bad faith, the party's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings"); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

Here, Plaintiff acted in bad faith by filing this case and then seeking several stays, and then repeatedly request delays, refuse to answer Defendant's discovery requests, unilaterally cancel her deposition, and take no action to pursue her claims. Indeed, Plaintiff has not served any discovery requests or requested any depositions, and her Rule 26 Initial Disclosures are grossly insufficient to put Defendant on notice of the witnesses and documents she believes will support her claims, or the amount of

10

damages for which she believes Ohio Bell is liable. Certainly in the 30 months since this case was first filed, Plaintiff should have been able to identify how she intends to prove her claims and the amount of her purported damages.

Further, as stated above, Defendant has been profoundly prejudiced by Plaintiff's more than two-year delay, with witnesses moving or their memories fading. Plaintiff was aware that her continued failure to proceed with this litigation could lead to its dismissal as Defendant has briefed and asked this Court to dismiss Plaintiff's case on no less than three occasions. At this juncture, with Plaintiff's bold-faced attempt to unnecessarily delay this litigation again, dismissal with prejudice is the only appropriate outcome.

**IV. CONCLUSION**

Defendant respectfully requests that the Court deny Plaintiff's Motion to Dismiss Without Prejudice, and dismiss Plaintiff's claims against Defendant Ohio Bell with prejudice pursuant to Fed. R. Civ. P. 41(b).

Respectfully submitted,

/s/ *Amy Ryder Wentz*
Amy Ryder Wentz (0081517)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH  44114
Telephone: 216.696.7600
Facsimile: 216.696.2038
awentz@littler.com

Attorney for Defendant
THE OHIO BELL TELEPHONE COMPANY

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Amy Ryder Wentz*
Amy Ryder Wentz

Attorney for Defendant
THE OHIO BELL TELEPHONE COMPANY

Firmwide:155732073.2 056169.1265