IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FALENCIA A. FAIR, | ) | CASE NO. 1:16 CV 0186 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. |
| | ) | BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| OHIO BELL TELEPHONE COMPANY, | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| Defendant. | ) | **REPORT &** |
| | ) | **RECOMMENDATION** |

## Introduction

Before me by referral[1] is a motion[2] by *pro se* plaintiff Falencia A. Fair to voluntarily dismiss her action against Ohio Bell Telephone Company[3] without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendant Ohio Bell opposes the motion, but in so doing has moved that the matter be dismissed with prejudice.[4] Each side has filed replies.[5]

## Analysis

A plaintiff's ability to voluntarily dismiss an action without prejudice is not a matter of right, but is committed to the sound discretion of the court.[6] As the Sixth Circuit has explained, the prime reason for the Rule interposing the requirement of court approval for

---

[1] ECF No. 47.
[2] ECF No. 50.
[3] ECF No. 28.
[4] ECF No. 51.
[5] ECF No. 52 (Fair's reply to Ohio Bell); ECF No. 53 (Ohio Bell's reply to Fair).
[6] *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

a voluntary dismissal is to protect the non-moving party from unfair treatment.[7] Specifically, where a dismissal without prejudice would result in "plain legal prejudice" to the non-moving party, the request should be denied.[8]

In defining "plain legal prejudice," the Sixth Circuit has set forth several factors that are not to be construed as an "exclusive or mandatory" list, and a district court need not analyze each listed factor or even limit its analysis to those factors.[9] The annunciated factors include: (1) the defendant's effort and expense in preparation for trial; (2) excessive delay or lack of diligence by the plaintiff in prosecuting the action; (3) insufficient explanation for the need to dismiss; and (4) whether a motion for summary judgment has been filed.[10]

Ohio Bell argues that three of the listed *Grover* factors militate against dismissal without prejudice.[11] First, it contends that it has expended significant resources "opposing [Fair's] numerous attempts to delay these proceedings, . . . investigating [Fair's] claims, preparing and filing an answer, serving initial disclosures, and drafting written discovery." Next, Ohio Bell characterizes Fair as doing nothing more than filing her claim and delaying – and then canceling – her deposition.[12] Ohio Bell maintains that if Fair intends to litigate her case, "there is no reason she cannot do it now, and not after additional delay."[13] It

---

[7] *Id.*
[8] *Id.*
[9] *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. App'x 498, 502 (6th Cir. 2007).
[10] *Grover*, 33 F.3d at 718.
[11] ECF No. 51 at 6.
[12] *Id.*
[13] *Id.* at 8.

asserts that the delays present on the record are the product of Fair's "whims" in her moving the case only when she "feels like doing so."[14]

Even if the purely factual record set out by Ohio Bell is true, there is no indication that there has been any actual discovery to date. Indeed, Ohio Bell elsewhere complains that Fair has served no discovery herself and has failed to respond to Ohio Bell's discovery.[15] Essentially, by Ohio Bell's own admission, it has expended very limited resources to do the bare minimum of the early phase of litigation – file an answer, make initial disclosures, and draft discovery requests.[16]

Moreover, Fair notes that she has been pursuing her claims in multiple forums for years – with the company directly, with the union, with the EEOC, and with the Ohio Bureau of Workers Compensation.[17] This hardly the record of a dilatory litigant unconcerned with advancing her claims. By way of explaining the delays in this matter, Fair relates that she has been uncertain as to how to proceed with various issues in the absence of counsel.[18] The docket of this matter confirms that many of the "delays" Ohio Bell now claims are evidence of Fair's mere "whims" are, in fact, attempts by Fair to obtain stays while she seeks legal counsel so as to properly prosecute this matter and then to replace the counsel that withdrew.[19]

---

[14]*Id.*
[15]*Id.* at 7.
[16]*Id.* at 8.
[17]ECF No. 52 at 1-4.
[18]*Id.* at 5-7.
[19]ECF Nos. 5, 7, 15, 18, 39, 45.

In addition, in presenting a reason for this motion, Fair has explained that the counsel she has consulted about representing her have advised her to seek a dismissal of her case without prejudice so that she need not seek continual stays from the court while she works to obtain new counsel.[20] It is indeed strange that Ohio Bell – which has itself sought to have this case dismissed without prejudice from an early date[21] – is now seeking to permanently slam the door on a "black, disabled female over 40"[22] who, the record shows, has been doggedly pursuing her claim through many venues over a long period and now seeks to do the right thing by following advice to withdraw her case from the court's docket while she attempts to retain counsel.

Ohio Bell has done no more than the minimum in answering this claim to date, and those efforts can be used if and when the claim is refiled.[23] It has suffered no "plain legal prejudice," but only the temporary inconvenience of dealing with a *pro se* plaintiff struggling to manage her claim in this forum. Surely the price for that struggle is not her permanent banishment from the court and the death of her claim.

---

[20]ECF No. 52 at 6.
[21]ECF No. 9; *Cardenas v. City of Chicago*, 646 F.3d 1001, 1007 (7th Cir. 2011) ("A dismissal pursuant to a Rule 12(b)(5) motion should ordinarily be entered without prejudice.").
[22]ECF No. 52 at 5.
[23]*Wills v. Honda of America Mfg, Inc.*, No. 2:11-cv-717, 2012 WL 1203567, at *2 (S.D. Ohio April 10, 2012); *Pennington v. Lake Local Schools Bd. of Ed.*, 257 F.R.D. 629, 633 (N.D. Ohio 2009).

**Conclusion**

Accordingly, and for the reasons stated, I recommend granting Fair's motion to dismiss her case without prejudice,[24] and denying Ohio Bell's motion to dismiss the case with prejudice.[25]


Dated: August 31, 2018					s/ William H. Baughman, Jr.
							United States Magistrate Judge

---

[24]ECF No. 50.
[25]ECF No. 51.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[26]

---

[26] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).