# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| FALENCIA A. FAIR, | ) | CASE NO.1:16CV186 |
| --- | --- | --- |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| OHIO BELL TELEPHONE CO., | ) | ORDER |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (ECF # 54) that Plaintiff Falencia Fair's Motion to Dismiss Without Prejudice (ECF #50) be granted and Defendant's Renewed Motion to Dismiss With Prejudice (ECF # 51) be denied. For the following reasons, the Court Accepts and Adopts the Report and Recommendation of the Magistrate Judge and grants Plaintiff's Motion to Dismiss Without Prejudice. However, the Court places certain conditions on Plaintiff, should she refile, to minimize any prejudice to Defendant.

On July 2, 2018, Plaintiff Falencia Fair, acting *pro se*, filed her one sentence Motion to Dismiss Without Prejudice with no explanation or argument. On July 12, 2018, Defendant filed its Opposition and Renewed Motion to Dismiss With Prejudice, asking the Court to deny Plaintiff's Motion due to her failure to prosecute her claims over the two and half years of the

litigation. Defendant outlined the efforts it expended in defending the case and the attempts it made to further the litigation.

In considering the Motions, the Magistrate Judge found Plaintiff had not been dilatory in her prosecution of the case and that Defendant was not prejudiced by a without prejudice dismissal because it had incurred little in the way of defense time or costs. Defendant objects to the Magistrate Judge's R & R, disputing that it had not incurred significant loss of time and expense in defending the action.

## LAW AND ANALYSIS

FRCP 41(a)(2) provides in pertinent part:

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

Upon consideration of the above factors, the Court finds they are largely a wash. While the Magistrate Judge correctly found that the lack of discovery minimized Defendant's expenses, the Court observes that the docket shows little effort by Plaintiff to move the proceedings along in this action regardless of the efforts she may have expended in proceeding with her claims in other forums. Furthermore, her Motion to Dismiss lacks any explanation of the need for a dismissal. These factors weigh against dismissal without prejudice. However, Defendant has not filed a Motion for Summary Judgment, weighing in favor of a without prejudice dismissal. While Defendant will inarguably suffer some prejudice from the dismissal, it does not trump the overarching directive from the Sixth Circuit that federal courts have a "strong policy in favor of deciding cases on their merits." *Krowtoh II LLC v. ExCelsius Int'l Ltd*, 330 F. App'x 530, 537 (6th Cir. 2009). As the Magistrate Judge correctly stated, a dismissal with prejudice would deprive Plaintiff of the opportunity to present her claims to a trier of fact.

Therefore, the Court Accepts and Adopts the Magistrate Judge's R & R (ECF # 54) recommending the Court grant Plaintiff's Motion to Dismiss Without Prejudice (ECF # 50) but with the following conditions. Should Plaintiff refile her action she shall provide Defendant with the paper discovery it requested in this action within forty-five days and make herself available for deposition within seventy-five days of the refiling of her Complaint. Failure to comply may result in sanctions up to and including dismissal with prejudice. Defendant's Renewed Motion to Dismiss With Prejudice (ECF # 51) is denied.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  December 7, 2018